IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> K. SMITH BUILDERS, LTD. and ) <br> KYLE SMITH ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL NO. 09-00509 JMS/BMK <br><br> ORDER DENYING DEFENDANTS' MOTION FOR THE COURT TO DECLINE JURISDICTION |

**ORDER DENYING DEFENDANTS' MOTION FOR THE COURT TO DECLINE JURISDICTION**

**I. INTRODUCTION**

On January 28, 2008, Gabriel Campbell ("Campbell") filed a complaint in the Second Circuit Court of the State of Hawaii against K. Smith Builders, Kyle Smith, and others, seeking damages for injuries he sustained while working on a job site in which K. Smith Builders and/or Kyle Smith was the general contractor (the "underlying action"). At the time of the accident, Defendants K. Smith Builders and Kyle Smith ("Defendants") had a commercial general liability insurance policy (the "Policy") issued by Plaintiff Nautilus Insurance Co. ("Plaintiff"). Plaintiff has been providing defense coverage to Defendants in the underlying action, but filed this action seeking a declaration that

it is not required to indemnify and/or defend Defendants because the Policy is not applicable to Campbell's claims against Defendants.

Currently before the court is Defendants' Motion for the Court to Decline Jurisdiction ("Defendants' Motion"),[1] in which they argue that the court should decline jurisdiction over this declaratory action because it raises unresolved questions of state law. Based on the following, the court DENIES Defendants' Motion.

## II. BACKGROUND

### A. Factual Background

At issue in this action is the scope of the Policy Defendants received from Plaintiff. Specifically, Plaintiff asserts that the Policy excludes coverage for injuries to "employees," and that Campbell was an "employee" under the Policy.

The Policy provides that Plaintiff:

> will pay those sums that the insured becomes legally
> obligated to pay as damages because of "bodily injury"
> or "property damage" to which this insurance applies.
> We will have the right and duty to defend the insured
> against any "suit" seeking those damages. However, we
> will have no duty to defend the insured against any "suit"

---

[1] Defendants titled their Motion as a "Motion to Decline Jurisdiction and Remand Case to State Court." Because there was no original state court action, however, remand is not an option and the court therefore construes Defendants' Motion as requesting that the court decline jurisdiction and dismiss the action.

> seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

Compl. Ex. 6 at CG 00 01 12 04, § I(1)(a).

The Policy excludes coverage for "bodily injury" to "an 'employee' of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business[.]" *Id.* § I(1)(e). An "employee" is in turn defined as:

> any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor.

*Id*. at L205.

**B.     Procedural History**

On November 25, 2009, Defendants filed their Motion.  On December 7, 2009, Plaintiff filed its Opposition, and on December 14, 2009, Defendants filed their Reply.

At a December 28, 2009 hearing on Defendants' Motion, Defendants raised additional arguments in support of the court declining jurisdiction --

specifically, that this action raised unsettled issues of state law. The court therefore ordered additional briefing, and Defendants submitted their Supplemental Brief on January 14, 2010, and Plaintiff submitted its Supplemental Brief on January 21, 2010.

### III. **STANDARD OF REVIEW**

The Declaratory Judgments Act, 28 U.S.C. § 2201, provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

"The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts." *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002). In assessing a declaratory judgment action, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

The court may not "decline to entertain such an action as a matter of whim or personal disinclination." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (1998) (en banc) (quotations omitted)). Rather, "if a party properly

raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review." *Id.* at 1225.

## IV.  **DISCUSSION**

Whether the court should exercise its discretion to decline jurisdiction over a declaratory judgment action is guided by the factors first enunciated in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). *Brillhart* is the "philosophic touchstone for the district court," and requires that the court to consider whether declining jurisdiction will: 1) avoid needless determination of state law issues; 2) discourage the filing of declaratory actions as a means of forum shopping; and 3) avoid duplicative litigation. *Dizol*, 133 F.3d at 1225. The Ninth Circuit has further suggested that the court consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* n.5.

As explained below, the court considers these factors and finds that they weigh in favor of the court maintaining jurisdiction over this action.

A.     **Needless Determination of State Law Issues**

A "needless determination of state law" may involve an ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.*, a diversity action).  *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-72 (9th Cir. 1991) (*overruled in part on other grounds by Dizol*, 133 F.3d at 1225).

> "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." [*Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (citing *Robsac Indus.*, 947 F.2d at 1371)].  When state law is unclear, "[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an 'uncertain' and 'ephemeral' interpretation of state law." *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992).

*Allstate Ins. Co. v. Davis,*, 1120 (D. Haw. 2006)*; see also Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815-16 (6th Cir. 2004) ("Where as here, there are two potential unresolved questions of state law concerning state regulated insurance contracts, this consideration weighs against exercising jurisdiction."). Accordingly, at issue for this factor is not merely whether the action raises a state law issue (which is the case for all diversity actions), but rather whether it presents an *unsettled* state law issue.

As an initial matter, the underlying action does not involve the "precise state law issue" presented in this action because in the underlying action, Campbell seeks damages from Defendants for injuries he sustained while working on a job site, while in this action, Plaintiff seeks a declaration that it is not required to indemnify and/or defend Defendants in the underlying action.  Further, the mere fact that this action raises solely state insurance law issues -- an area of law left expressly to the states by Congress through the McCarran-Ferguson Act, *Robsac*, 947 F.2d at 1371 -- does not on its own weigh in favor of the court declining jurisdiction.  "On numerous occasions, the United States District Court in the District of Hawaii has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's duties to an insured." *Davis*, 430 F. Supp. 2d at 1120.  "The fact that state law issues are implicated is not, in and of itself, sufficient grounds for declining jurisdiction." *Gemini Ins. Co. v. Clever Constr., Inc.*, 2009 WL 3378593, at *8 (D. Haw. Oct. 21, 2009).

Accordingly, at issue is whether this action raises issues of unsettled state insurance law that would counsel in favor of the court declining jurisdiction.  *Cf. Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1032 (D. Haw. 2008) (affirming findings and recommendations to decline jurisdiction where complaint raised unsettled issue of state law and guidance from other jurisdictions was

ambiguous). At issue in this action is the scope of the Policy -- *i.e.*, whether Campbell is an "employee" as defined under the Policy such that the Policy does not cover his claims against Defendants. Determining this issue is straightforward because the court will construe the Policy by applying a framework that is well-established under Hawaii law. *See, e.g.*, *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411-12, 992 P.2d 93, 106-07 (2000); *Haw. Ins. & Guar. Co. v. Fin. Sec. Ins. Co.*, 72 Haw. 80, 87-88, 807 P.2d 1256, 1260 (1991). Accordingly, the mere fact that the court will need to construe the insurance policy does not raise an adequate reason to decline jurisdiction. *See also Allstate Ins. Co. v. Gomez*, 2009 WL 3018712, at *4 (D. Haw. Sept. 18, 2009) ("Interpreting insurance contracts using general rules of contract construction does not usually involve complex issues of unsettled Hawaii law."). This factor therefore weighs in favor of the court maintaining jurisdiction over this action.

In opposition, Defendants argue that the court should decline jurisdiction because "[t]he Ninth Circuit has consistently held that Federal District Courts should refrain from exercising their discretionary jurisdiction in declaratory judgment actions involving insurance coverage where the issues center around the application of state law." Defs.' Mot. 5; Defs.' Reply 8-9. Defendants cite absolutely no support for this proposition and indeed, it is an incorrect statement of

8

law -- *Dizol* specifically provides that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

Defendants also argue that this action raises what they believe are two issues of unsettled Hawaii law. *See* Defs.' Supp. Br. 7-12. Neither of the issues they raise, however, weighs in favor of the court declining jurisdiction.

Defendants first contend that the Policy's definition of "employee" is ambiguous and how the court should construe this term in context with the Policy is unsettled under Hawaii law because there are no Hawaii cases addressing ambiguous employee exclusion clauses and courts in other jurisdictions have construed different policies in different manners. Defs.' Supp. Br. 7-10. Defendants' argument is unpersuasive -- even if the definition of "employee" is ambiguous, the Hawaii Supreme Court has provided clear guidance on construing ambiguous insurance terms. *See Guajardo v. AIG Haw. Ins. Co.*, 118 Haw. 196, 202, 187 P.3d 580, 586 (2008). Further, that other states have construed employee exclusion clauses and come to different ultimate conclusions is irrelevant where there are different facts and policy language at issue.

Defendants also contend that this action raises the unresolved issue of how to construe policy terms where there is a conflict between an endorsement

9

acknowledging coverage and another policy term excluding coverage. Defs.' Supp. Br. 10-12. This argument is not persuasive either. Defendants have failed to show a necessary precursor to this argument -- that an endorsement actually conflicts with another term in the Policy. Without such showing, the court will not speculate regarding what issues may (or may not) be relevant in this action.

In sum, the court finds that the needless determination of state law issues factor weighs in favor of the court maintaining jurisdiction.

**B.    Forum Shopping**

Forum shopping typically occurs where a party "fil[es] a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Am. Casualty Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999); *see also Dizol*, 133 F.3d at 1225 ("[F]ederal courts should generally decline to entertain reactive declaratory actions.").

There is no evidence of forum shopping in this action -- Plaintiff is not a party to the underlying action and the underlying action does not even present the issue of insurance coverage. Further, Plaintiff likely could not have joined the underlying action because Hawaii disfavors joinder of insurers in third-party tort actions. *See Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.*, 53 Haw. 69,

71-72, 487 P.2d 769 (1971) (holding that "it would not be sound public policy to permit the insurer to be joined as a defendant, in deference to what is believed to be a jury's tendency to find negligence or to augment the damages, if it thinks that an affluent institution such as an insurance company will bear the loss").  If the court were to decline jurisdiction, then Plaintiff would be forced to file a separate state court action.  Such result would ignore Plaintiff's choice of forum "and undermine the federal interest in providing a neutral forum free from an appearance of favoritism against an out-of-state party."  *Davis*, 430 F. Supp. 2d at 1121.  Thus, the forum shopping factor weighs in favor of maintaining jurisdiction.

C.     **Avoidance of Duplicative Litigation**

There is a presumption to decline jurisdiction "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed."[2]  *Dizol*, 133 F.3d at 1225 (citing *Chamberlain*

---

[2] The court is aware that Ninth Circuit opinions prior to *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (1998) (en banc), provide a more flexible approach to whether two actions are "parallel" such that the court should decline jurisdiction.  For example, *American National Fire Insurance Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), states that "when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petitioner to bring a related claim."  *See also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996), *overruled in part on other grounds*, *Dizol*, 133 F.3d at 1227 ("It is enough that the state proceedings arise from the same factual circumstances."); *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir. 1995) (finding state and federal actions parallel when the actions raised overlapping, but not identical, factual issues), *overruled in part on other grounds*, *Dizol*, 133 F.3d at 1227.

(continued...)

*v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991)). With that said, however, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," and "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.*

Defendants do not argue, and the court does not believe, that declining jurisdiction will avoid duplicative litigation. As explained above, the underlying action involves different claims and different parties than those presented in this action. Further, the court's determination of Plaintiff's duties to defend and indemnify Defendants does not appear to raise any issues that will be duplicative of those in the underlying action. *See also Gomez*, 2009 WL 3018712, at *2-3 (rejecting argument that issues in underlying state liability action will be duplicative of issues in federal action seeking declaration regarding duty to defend and indemnify); *State Farm Fire & Cas. Co. v. Jenkins*, 2009 WL 529083, at *6-7 (D. Haw. Mar. 3, 2009) (finding that this factor does not weigh in favor of a stay

---

[2](...continued)
To the extent there is any conflict between *Dizol* and this line of cases, *Dizol*, en banc, sets the proper standard that a presumption in favor of declining jurisdiction occurs only "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed." *Dizol*, 133 F.3d at 1225. Further, even if the earlier line of Ninth Circuit cases is still good law and this action and the underlying action are nominally parallel because they both relate to Campbell's injuries, the court would still maintain jurisdiction over this action upon consideration of the other *Brillhart* factors.

where Plaintiff's claims regarding its duty to defend and indemnify do not require a determination of issues that the state court may address in the underlying action); *Davis*, 430 F. Supp. 2d at 1121-22 (explaining that this factor weighs in favor of maintaining jurisdiction because the plaintiff is not a party in the underlying state action, the state court will not consider the issues raised in the federal action, and the court's determination of the issues will not hinge of any findings that will be addressed in state court).  This factor weighs in favor of maintaining jurisdiction.

**D.    Other Factors**

The additional factors outlined by the Ninth Circuit generally weigh in favor of the court maintaining jurisdiction.  First, although this action will not settle the underlying suit, it will address the claims between the parties in this action and clarify the legal obligation, if any, that Plaintiff has to Defendants in the underlying action.  Second, as described above, there is no evidence that this action was filed merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage.  Third, it does not appear that this action will result in entanglement between the federal and state court systems -- the issues raised in this action (*e.g.*, whether Plaintiff is required to indemnify and/or defend Defendants in the underlying action) are separate from the issues in the underlying action (*e.g.*, whether Defendant is liable for Campbell's injuries).  Finally, given that Plaintiff

initiated this action in this court, it is more convenient to the parties for the court to retain this action rather than require Plaintiff to file a new action in state court. While Defendants will now face two litigations in separate forums, their inconvenience is outweighed by the inconvenience to Plaintiff of filing another action in state court if the court declined jurisdiction.

In sum, the court finds that the *Brillhart* factors weigh in favor of retaining jurisdiction over this declaratory judgment action.

## V. CONCLUSION

Based on the above, the court DENIES Defendants' Motion to Decline Jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 29, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Nautilus Ins. Co. v. K. Smith Builders, Ltd. et al.*, Civ. No. 09-00509 JMS/BMK, Order Denying Defendants' Motion for the Court to Decline Jurisdiction